FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
JUSTIN P. THIELE - State Bar No. 311787
jthiele@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Petitioner*
*Cecilia, LLC; Good Stuff, LLC; Morgan Creek Productions, Inc.; and*
*James G. Robinson*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CECILIA, LLC, a Delaware Limited Liability Company; GOOD STUFF, LLC; a Delaware Limited Liability Company; MORGAN CREEK PRODUCTIONS, INC., a Delaware corporation; and JAMES G. ROBINSON, an individual,<br><br>Petitioners,<br><br>v.<br><br>ARMIN AZOD, an individual; RAMEZ ELGAMMAL, an individual; SHANTANU SHARMA, an individual; DONG ZHANG, an individual; and PETER JOHN, an individual,<br><br>Respondents. | CASE NO.: 2:19-cv-09552<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD** |

**Glaser Weil**

Petitioners Cecilia, LLC ("Cecilia"); Good Stuff, LLC ("Good Stuff"); Morgan Creek Productions, Inc. ("Morgan Creek"); and James G. Robinson (collectively, "the Cecilia Parties" for purposes of this proceeding) submit the following Memorandum of Points and Authorities in support of their Petition to Confirm Arbitration Award. Exhibits cited herein refer to exhibits attached to the Cecilia Parties' Petition.

## I.    The Court may confirm a final award

Under 9 U.S.C. § 9, "any party" to an arbitration may petition a district court "for an order confirming" an arbitration award. Thereafter, the court must confirm the award unless the award is vacated, modified, or corrected pursuant to 9 U.S.C. §§ 10–11. *Millan v. Chase Bank USA, NA*, 533 F. Supp. 2d 1061, 1068 (C.D. Cal. 2008). An arbitration award is final "if the award states it is final, and the if the arbitrator has intended the award be final." *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009).

## II.    The contract award against solely Cecilia is final and unreviewable by the Arbitrator

### A.    The Award did not reserve any issues of contract liability for later determination

The Arbitrator has made a final award on the issue of contract liability and, under the *functus officio* doctrine, is without authority or power to reexamine that issue. The Award made the following findings and conclusions, as relevant to breach-of-contract liability:

> **Is the APA a valid contract binding on Respondents?**
>
> I find that the APA is a valid contract, unbreached by Claimants. As a result, I will award judgment in favor of Claimants against Cecilia, LLC in the amount stipulated by the parties on November 18, 2018. That amount totals $856,886. In a separate order, I will direct counsel to submit a proposed form of order implementing this decision. Inter alia., counsel shall address the appropriateness under Maryland law of awarding pre and post-judgment interest.

Glaser Weil

1718315

Ex. 4 to Petition, Award at 64–65 (emphasis added)[1]. This is the Arbitrator's only written conclusion related to liability among Respondents for breach of contract. Accordingly, the Arbitrator inherently *did not* find that either or both Mr. Robinson or Morgan Creek were liable for contract damages. The Award is explicit and exacting in the issues it reserves for future determination. Namely, the Award reserves *only* the issues of attorneys' fees, costs, and interest. *See* Ex. 4 to Petition, Award at 65.

The Award's final clause, including the relevant heading, reads as such:

> **Attorneys' Fees**
>
> I will issue an order scheduling oral argument by telephone conference call on the following issues: (i) the appropriateness of awarding attorneys' fees to Claimants, (ii) whether to award Claimants the costs of the arbitration apart from payments to JAMS, and (iii) whether any award should be imposed on Cecilia, LLA only or on Respondents jointly and severally.

*Id.* The Arbitrator's Scheduling Order 27, which was issued after the dispute concerning finality of the Award arose, attempted to explain away the clear and unambiguous meaning of this text. *See* Ex. 8 to Petition, Scheduling Order 27. Specifically, the Arbitrator wrote that "The [Award] speaks of 'any award' not just an award of attorneys' fees and costs," referring to the above-quoted paragraph. *Id.*, at 5.

Respectfully to the Arbitrator, clause (iii) simply cannot be read as a reservation for further dispute of the monumental issue of liability for breach of contract. Rather, the correct and natural reading is that clause (iii) refers to whether any award *of attorneys' fees and costs* should be imposed on Cecilia alone or also on

---

[1] The Award makes references to the parties' pre-hearing Stipulation ("Stipulation") regarding damages to conclude that "The liability of Mr. Robinson and Morgan Creek for breach of contract damages other than for potential lost profits and royalties was left open" just before the arbitration hearing. Award at 8. The Stipulation addressed only two discrete and particular issues: 1) the amount of Claimants' damages, while remaining silent regarding against whom liability could be imposed; and 2) consent by Good Stuff and Cecilia to be jointly liable solely for royalties due under the APA from any future commercialization of the underlying IP, while remaining silent regarding liability as to any other claim such as breach of the APA. Mr. Robinson's and Morgan Creek's breach-of-contract liability were not addressed by the Stipulation in any way.

Respondents. Clause (iii) follows two clauses which discuss the (non-liability-related) issues of attorneys' fees and costs. Clause (iii) is part of the sole sentence following a bold heading, "**Attorneys' Fees**." Unlike the issues of attorneys' fees and costs, which are discussed at length on the Award's final page, to subscribe to the Arbitrator's post-facto interpretation would be to accept that the Arbitrator's careful and thorough opinion reserved decision on the most consequential and contentious issue in what amounts to an afterthought. The Arbitrator's recasting cannot be squared with the plain text of the Award.

Accordingly, the issue of whether Mr. Robinson, Morgan Creek, or both are liable for breach of the APA has been resolved with finality; *i.e.*, there has been no finding of liability against either of these Respondents. Claimants cannot now ask to put the toothpaste back in the tube, because the Arbitrator is without jurisdiction to alter, revise, or amend the Award.

B. ***Functus officio* bars further litigation of contract liability in arbitration**

Once "arbitrators have finally decided the submitted issues, they are, in common-law parlance, '*functus officio*,' meaning that their authority over those questions is ended." *Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991); *see also AO Techsnabexport v. Globe Nuclear Servs. & Supply GNSS, Ltd.*, 404 F. App'x 793, 799 (4th Cir. 2010) ("Arbitrators complete their function and lose their authority to act after making a final determination on a matter.") (citing *Trade & Transp.*). "This means that anything an arbitrator does to modify a final award after it has been issued is without effect because at that point the arbitrator 'lacks any power to reexamine that decision.'" *Hill v. Wackenhut Servs. Int'l*, 971 F. Supp. 2d 5, 12 (D.D.C. 2013) (citing *Colonial Penn. Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 331 (3d Cir.1991)) "Thus, if the parties have asked the arbitrators to make a **final partial award** as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the

3

parties, to redetermine that issue." *Trade & Transp.*, 931 F.2d at 195 (emphasis added). "[T]he *functus officio* doctrine has been routinely applied in federal cases brought pursuant to the Federal Arbitration Act." *Hill*, 971 F. Supp. 2d at 12 (citing *Colonial Penn.*, 943 F.2d at 331).[2]

The doctrine is well-accepted across the United States Courts of Appeal:

> See, e.g., *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009) ("*[F]unctus officio* … forbids an arbitrator to *redetermine* an issue which he has already decided.") (emphasis added) (internal quotation marks omitted); *WMA Sec. Inc. v. Wynn*, 32 Fed.Appx. 726, 729 (6th Cir.2002) ("*[F]unctus officio* prevents arbitrators from *revisiting* a final award.") (emphasis added); *International Broth. [v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997)] ("Once an arbitrator has made and published a final award ... [he] can do *nothing more* in regard to the subject matter of the arbitration.") (emphasis added) (internal quotation marks omitted); *see also The College of Commercial Arbitrators Guide to Best Practices in Commercial Arbitration* 200–201 (Curtis E. von Kann et al. eds., 1st ed. 2006) ("Occasionally, the exercise of attempting to clarify an award reveals that the reasoning that gave rise to the original award was erroneous. In such a circumstance, arbitrators must avoid the impulse to correct the substantive error in the original award and must recognize that their original determination is final and that they are without power to correct it.").

*Hill*, 971 F. Supp. 2d at 12–13.

The Award has resolved the issue of breach-of-contract liability with finality, finding that Cecilia and no other party is liable. Accordingly, any revision of that liability finding is outside of the Arbitrator's authority.

The Award is unquestionably final and unreviewable under the JAMS rules themselves. JAMS rules provides that an award "is considered final … fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award." JAMS Comp. Arb. R.

---

[2] This matter was compelled to arbitration by the United States District Court for the Central District of California pursuant to the Federal Arbitration Act. *Azod v. Robinson*, 2016 WL 6603950 at *1–2 (C.D. Cal. May 10, 2016).

Glaser Weil

24(k). Accordingly, because both the original award and the corrected Award were served on February 7, 2019, the Award become final, for JAMS purposes, no later than February 21, 2019 (and perhaps as soon as February 7). Claimants were free, within seven days of service of the Award, to have requested a correction to the Award, to which Respondents would have been entitled to respond. JAMS Comp. Arb. R. 24(j). But they did not do so. Similarly, the Arbitrator was free to correct any ambiguity in the "Attorneys' Fees" section of the Award on his own initiative. But Scheduling Order 27, to the extent it could be considered a correction to the Award, was issued roughly *seven months* after the deadline to do so passed under the JAMS Rules.

The Award can be contrasted with an *interim* award, which is separately provided for in the JAMS rules. *See, e.g.*, JAMS Comp. Arb. R. 24(d) ("*In addition to a Final Award or Partial Final Award*, the Arbitrator may make other decisions, including interim or partial rulings, orders, and Awards.") (emphasis added). Regardless of the nomenclature used to style an arbitrator's award, however, courts will enforce even an "interim" award as final when the award "finally and definitely disposes of a separate independent claim[.]" *Ecopetrol S.A. v. Offshore Exploration & Production LLC*, 46 F. Supp. 3d 327, 336–37 (S.D.N.Y. 2014); *see also Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009) ("an interim award may be deemed final for *functus officio* purposes if the award states it is final, and if the arbitrator intended the award to be final"). There is no indication the Award was intended to be tentative.

Nor is it true that the parties or the Arbitrator expressly agreed or ordered that the issue of Respondent contract liability would be bifurcated. To consider the Award as only a piece of a bifurcated liability determination, a court requires that such agreement be "clearly set from the beginning." *AO Techsnabexport v. Globe Nuclear Servs. & Supply, Ltd.*, 656 F. Supp. 2d 550, 558 (D. Md. 2009) (finding issues in arbitration to be bifurcated only where it was clear that the parties agreed in advance and that the tribunal established a "procedural order" before hearing).

1718315

The exception to the common-law *functus officio* doctrine does not apply in this case:

> There are three "narrowly drawn" exceptions to the *functus officio* rule, *see Teamsters Local 312 v. Matlack, Inc.,* 118 F.3d 985, 992 (3d Cir. 1997), but they permit only "clarification or completion, as distinct from alteration, of the arbitral award," *Glass, Molders, Pottery, Plastics, and Allied Workers International Union v. Excelsior Foundry Co.,* 56 F.3d 844, 847 (7th Cir. 1995), and so do not apply to this case, where the **Partial Final Award was perfectly clear and complete on its own**. Plaintiffs do not contend otherwise.

*Hill v. Wackenhut Servs. Int'l*, 971 F. Supp. 2d 5, 13 (D.D.C. 2013) (emphasis added). This exception was readily apparent to the Arbitrator and all parties, as made clear by the fact that the Arbitrator has already corrected the Partial Final Award. The JAMS rules provide that such a correction may only be made within seven days, and therefore this exception to the *functus officio* doctrine has long since been exhausted. JAMS Comp. Arb. R. 24(j). Accordingly, the Court should confirm the Partial Final Award (Correct) as the final award as to contract liability regarding all Cecilia Parties, and put a stop to the highly prejudicial runaway arbitration.

## III.    Conclusion

For the foregoing reasons, Petitioners Cecilia, Good Stuff, Morgan Creek, and Mr. Robinson respectfully request that the Court enter an Order granting this Petition, confirming the Award as final, and entering judgment thereon that Cecilia is liable for breach of the APA and that Morgan Creek and Mr. Robinson are not liable for breach of the APA.

DATED:  November 6, 2019

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP


By:  /s/ Fred D. Heather
FRED D. HEATHER
JUSTIN P. THIELE

6

1718315

*Attorneys for Petitioner*
*Cecilia, LLC; Good Stuff, LLC; Morgan*
*Creek Productions, Inc.; and James G.*
*Robinson*

Glaser Weil

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM
ARBITRATION AWARD**

1718315