**STEFFIN AZOD LLP**
William C. Steffin
william.steffin@usaiplaw.com
Armin Azod
armin.azod@usaiplaw.com
Amanda Fleming
amanda@usaiplaw.com
Aaron Perez-Daple (*pro hac vice* to be filed)
aaron@usaiplaw.com
Alfredo Perez de Alejo (*pro hac vice* to be filed)
alfredo@usaiplaw.com
1801 Century Park East, Floor 24
Los Angeles, CA 90067
(213) 507-9796

*Attorneys for Respondents Armin Azod, et al.,*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CECILIA, LLC, *et al.*,<br><br>                              Petitioners,<br><br>v.<br><br>ARMIN AZOD, *et al.*,<br><br>                              Respondents. | CASE NO.: 2:19-cv-09552<br><br>Hon. Otis D. Wright II<br><br>**RESPONDENTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY OR DISMISS**<br><br>Date:        March 2, 2020<br>Time:       1:30 p.m.<br>Judge:      Hon. Otis D. Wright II<br>Courtroom: 5D, 5th Floor |

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................... 1

II.  BACKGROUND ......................................................................................... 4

    A.  The California District Court Litigation ............................................ 4

    B.  The JAMS Arbitration ......................................................................... 5

III.  ARGUMENT ............................................................................................... 8

    A.  **This Court Does Not Currently Have Subject Matter Jurisdiction to Confirm the PFA as to Petitioners Robinson and Morgan Creek, Whose Liability Has Not Yet Been Decided.** ................................. 8

        1.  **Petitioners Bear the Burden of Proving Subject Matter Jurisdiction.** ...................................................................... 9

        2.  **Petitioners Cannot Meet Their Burden, Because the PFA did Not Resolve Joint and Several Liability.** ................ 9

    B.  **The Arbitrator Acted Within His Broad Discretion in Deciding How to Conduct the Hearing and Issue Awards.** ...................... 11

    C.  **The Partial Final Award Did Not Finally Decide the Joint and Several Liability of Petitioners Mr. Robinson and Morgan Creek.** ........ 13

    D.  ***Functus Officio* Does Not Apply Because the Partial Final Award Was Not Complete and Did Not Decide All of the Issues.** ..................... 14

        1.  **The Doctrine of *Functus Officio* Also Does Not Apply Under California Law or the Law of Other Circuits.** ............. 16

        2.  **Even if the Doctrine of *Functus Officio* Applied, This Case Falls Within Two of the Exceptions.** ..................... 17

    E.  **Pursuant to the Federal Arbitration Act, the Azod Parties Request a Stay of this Action.** ............................................................. 18

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Va.*,
  629 F.2d 961 (4th Cir.1980) ....................................................................................19

*Am. Postal Workers Union v. U.S.P.S.*,
  422 F. Supp. 2d 240 (D.D.C. 2006) .........................................................................15

*Amin v. Advanced Sterilization Products Services Inc.*,
  Case No. SACV 18-1528 JVS (JDEx), 2019 WL 2912862 (C.D. Cal. Jan. 7, 2019)....18

*Brzowski v. Maryland Home Imp. Comm'n*,
  114 Md.App. 615 (1997) ....................................................................................15, 17

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) .................................................................................18

*Cuna Mut. Ins. Soc. v. Office & Prof'l Emp. Union, Local 39*,
  443 F.3d 556 (7th Cir. 2006) ...................................................................................18

*Fortune, Alsweet & Eldridge, Inc. v. Daniel*,
  724 F.2d 135 (9th Cir. 1983) ...................................................................................13

*Hayes v. Delbert Services Corp.*,
  811 F.3d 666 (4th Cir. 2016) ...................................................................................11

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010)...................................................................................................9

*Hoffman v. Citibank (South Dakota), N.A.*,
  546 F.3d 1078 (9th Cir. 2008) .................................................................................14

*Int'l Bhd. of Teamsters v. Silver State Disposal Serv., Inc.*,
  109 F.3d 1409 (9th Cir. 1997) .................................................................................17

*JNK Entm't v. SP Sales and Entm't*,
  CV 15-01908, 2015 WL 13283845 (C.D. Cal. Sep. 2, 2015).......................................18

*Kyocera Corp. v. Prudential-Bache T Servs.*,
  341 F.3d 987 (9th Cir. 2003) .....................................................................................2

ii

*Lagstein v. Certain Underwriters at Lloyd's,*
   607 F.3d 634 (9th Cir. 2010) ........................................................................11

*Mandl v. Bailey,*
   159 Md.App. 64 (2004) ........................................................................15, 17

*Millmen Local 550 v. Wells Exterior Trim,*
   828 F.2d 1373 (9th Cir. 1987) ........................................................................10, 11

*New United Motor Mfg., Inc. v. United Auto Workers Local 244,*
   617 F. Supp. 2d 948 (N.D. Cal. 2008) ........................................................16

*Norfolk S. Ry. Co. v. Sprint Commc'ns Co.,*
   883 F.3d 417 (4th Cir. 2018) ........................................................................10

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.,*
   559 U.S. 662 (2010) ........................................................................2, 11

*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.,*
   217 Cal. App. 4th 1096 (Cal. Ct. App. 2013) ........................................5, 12

*Tosco Corp. v. Communities for a Better Env't,*
   236 F.3d 495 (9th Cir. 2001) ........................................................................9

*Trade and Transport v. Natural Petroleum Charter Inc.,*
   931 F.2d 191 (2d Cir. 1991) ........................................................................16, 17

**Rules**

Fed. R. Civ. P. 12(h)(3) ........................................................................9

JAMS Rule 11 ........................................................................12

JAMS Rule 11(a) ........................................................................2

JAMS Rule 22(b) ........................................................................11

JAMS Rule 22(d) ........................................................................11

JAMS Rule 24(e) ........................................................................11

JAMS Rule 24(k) ........................................................................14

iii

1

## I.    INTRODUCTION

2      This case remains properly in arbitration before the Honorable Judge Legg

3   (Retired) at JAMS, and the Court does not yet have jurisdiction to hear it.  The district

4   courts have subject matter jurisdiction only over final and binding arbitration awards.

5   Here, the Partial Final Award (Corrected) ("PFA") was not final or binding as to the joint

6   and several liability of the Petitioners and numerous other issues.  The PFA makes this

7   clear on its face.  And, significantly, the Hon. Judge Legg, has explicitly ruled that "[t]he

8   PFA left open for later resolution the potential joint and several liability of [Petitioners]

9   Robinson, Morgan Creek, and Good Stuff for breach of contract."  Petition ("Pet.") Ex. 8,

10  Scheduling Order 27 at p. 6.  Hon. Judge Legg's ruling on the issue is dispositive and not

11  subject to appeal, since his decisions on the conduct of the Hearing are final under the

12  JAMS Rules.  Thus, this Court does not have jurisdiction to enforce the PFA as to the

13  liability of Petitioners Robinson, Morgan Creek and Good Stuff at this stage.  This case

14  should either be stayed until a final and binding award as to Petitioners Robinson and

15  Morgan Creek has been made in arbitration, or dismissed.

16      Petitioners agreed to participate in "final, binding, and conclusive" arbitration

17  pursuant to the contract at the center of this dispute.[1]  In arbitration, the Hon. Judge Legg

18  ruled that Petitioner Cecilia, LLC ("Cecilia") breached that contract—in an amount of

19  over $850,000 before fees and costs—but has not yet decided the joint and several

20  liability of the other Petitioners or the amount of the total award.    Cecilia is

21  undercapitalized and cannot pay the judgement against it.  In a desperate bid to forestall

22  liability against the only Petitioners able to pay a judgement—Mr. Robinson and Morgan

23  Creek—Petitioners now ask this Court to intervene in what would be a dramatic move

24  away from longstanding precedent that gives arbitrators near plenary authority to resolve

25

26  _____

27  [1] Petitioners do not dispute that this case was properly sent to arbitration before Hon. Judge Legg as to all parties and all claims.

28

1

disputes properly before them in arbitration.  As the Ninth Circuit has explained, "[b]road judicial review of arbitration decisions could well jeopardize the very benefits of arbitration, rendering informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process."  *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 998 (9th Cir. 2003).  Nothing in the law or the record supports such a momentous shift away from longstanding public policy that arbitration facilitates the speedy and efficient resolution of disputes.

The United States Supreme Court has recognized that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide."  *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) (internal quotations and citations omitted).  JAMS Rule 11(a) confirms that presumption, stating that "the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing," and that the Arbitrator's resolution "shall be final."  Here, Petitioners already briefed *functus officio* and argued their position to Hon. Judge Legg, who then ruled that the PFA did not decide the liability of Mr. Robinson or Morgan Creek and that the issue was still properly before him.  That ruling is not appealable.

Though not subject to appeal, the Hon. Judge Legg's ruling is nonetheless correct. On its face, the PFA left numerous issues open and called for further briefing and argument.  The PFA explicitly acknowledged that "[t]he liability of Mr. Robinson and Morgan Creek for breach of contract damages other than for potential lost profits and royalties was left open," and called for oral argument on, among other things, "whether any award should be imposed on Cecilia, LLC only or on [Petitioners] jointly and severally."  Pet. Ex. 4, PFA at pp. 8, 65.  Nowhere did the PFA actually decide the liability of Petitioners Robinson and Morgan Creek.  Instead, the Hon. Judge Legg left the hearing open, "thereby permitting the taking of additional evidence," including on that issue.  Pet. Ex. 8, Scheduling Order 27 at n. 1.

2

Petitioners' theory of *functus officio* rests on a strained reading of the PFA that attempts to manufacture a ruling absolving Mr. Robinson and Morgan Creek of any liability for breach of contract; but such a ruling was never made.  Petitioners' arguments cannot change the text of the PFA.  Moreover, if there were any ambiguity in the PFA (which there was not), then Hon. Judge Legg was well within his rights to clarify it.  Indeed, this is a well-established exception to *functus officio*.  The Hon. Judge Legg provided any necessary clarification when he issued his 27th Scheduling Order, ruling that "[t]he PFA left open for later resolution the potential joint and several liability of [Petitioners] Robinson, Morgan Creek, and Good Stuff for breach of contract."  *Id.* at p. 6.

Petitioners also complain about the order of proceedings, arguing that there is no record that Petitioners agreed to reserve the issue of joint and several liability.  First, as the Hon. Judge Legg has made clear, early in the arbitration, the parties agreed to reserve financial discovery relevant to the issue of joint of several liability until after core liability for breach of contract by Cecilia was decided.[2]  Second, Petitioners' argument misses the point.  The Hon. Judge Legg has broad discretion to conduct the arbitration as he deems best, and it was certainly reasonable to reserve the issue of joint and several liability to avoid wasting time and resources on an issue that would have become irrelevant had Respondents ("the Azod Parties") not prevailed.  Many courts have done the same in similar cases.  *See, e.g., Toho–Towa Co., Ltd. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1106-10 (2013) (finding joint and several liability against the defendants—including three Morgan Creek entities—after plaintiff obtained a judgement in arbitration against two under-funded entities).  Regardless, it is not for this Court to decide, since the Hon. Judge Legg's ruling is not subject to appeal.

---

[2] Indeed, this decision was made in the context of a motion to compel in response to Petitioners' own refusal to produce the financial documents of Mr. Robinson and Morgan Creek relevant to their joint and several liability.

3

Petitioners have not met their burden of showing that the Court has subject matter jurisdiction to confirm the PFA as to Petitioners Robinson and Morgan Creek. Accordingly, the Azod Parties respectfully request that this case be stayed until a final and binding award as to Petitioners Mr. Robinson and Morgan Creek has been made in the arbitration, which would make subject matter jurisdiction proper. In the alternative, the Azod Parties respectfully request that the Petition be dismissed.

## II.  BACKGROUND

### A.  The California District Court Litigation.

On October 15, 2014, Petitioner Cecilia, a limited liability company solely owned by Petitioner Mr. James G. Robinson ("Robinson"), entered into an Asset Purchase Agreement ("APA") with the Azod Parties. *See* Pet. Ex. 1, APA. Pursuant to the APA, Cecilia agreed, *inter alia*, to pay the Azod Parties an aggregate purchase price of one million dollars. *Id.* at ¶ 3, Ex. B. Cecilia failed to pay the Azod Parties over $850,000 due under the APA. Pet. Ex. 4, PFA at p. 64.

On January 20, 2016, the Azod Parties filed suit against Petitioners Cecilia, Robinson, and Morgan Creek Productions, Inc. ("Morgan Creek") in the Central District of California in *Azod et al. v. Robinson et al.*, Case No.: 2:16-cv-00440-JFW ("the District Court Litigation"). On March 24, 2016, the Azod Parties filed their First Amended Complaint ("FAC") in the District Court Litigation, which is attached hereto as Exhibit 1. It included allegations that Robinson and Morgan Creek shared liability for the breach, *inter alia*, as alter egos of Cecilia. Azod Ex. 1, FAC at ¶¶ 64-68. The FAC sought relief against Petitioners Cecilia, Robinson, and Morgan Creek, including "all payments" due under the APA and an award of attorney's fees and costs. *Id.* at pp. 32-34 (Prayer for Relief).

The APA contained an arbitration provision, in which "[t]he Parties expressly waive[d] any entitlement to have such controversies decided by a court or a jury." Pet. Ex. 1, APA at ¶ 21. The arbitration provision also states that "[t]he arbitrator's decision

shall be final, binding, and conclusive." *Id.*   On April 7, 2016, Petitioners Cecilia, Robinson and Morgan Creek filed a Motion to Compel Arbitration and to Dismiss for Improper Venue in the District Court Litigation.   On May 10, 2016, the Hon. Judge Walter of the United States District Court of the Central District of California granted Petitioners' Motion to Compel Arbitration, dismissing the case in district court and ordering arbitration.  Hon. Judge Walter's order is attached hereto as Exhibit 2 and states:

> [T]he Court concludes that the arbitration agreement is **valid and enforceable** and that **all of the claims asserted in the First Amended Complaint are within the purview of the arbitration agreement**.

Azod Ex. 2, Hon. Judge Walter's Order at p. 2 (emphasis added).  The Court's Statement of Decision, attached hereto as Exhibit 3, unambiguously states that "[t]he parties are ordered to confidentially arbitrate any and all claims pertaining to the Asset Purchase Agreement dated as of October 15, 2014 in the state of Maryland through JAMS."  Azod Ex. 3, Hon. Judge Walter's Statement of Decision at 10:4-7.

## B.   The JAMS Arbitration

On September 1, 2016, the Azod Parties filed their Demand in the Arbitration, ("the Arbitration").  Pet. Ex. 2, Arbitration Demand.  The Demand largely repeats the allegations in the FAC, and it includes a claim for breach of contract and seeks an award of compensatory damages, attorneys' fees and costs against all Petitioners.  The Azod Parties' Attachment to the Arbitration Demand provides extensive factual allegations to support a claim of alter-ego liability.  *See id.* at ¶¶ 67-72.  As Hon. Judge Legg has acknowledged, "[t]he issue of Respondents' liability for breach of contract was squarely raised in the Arbitration Demand, which claimed that Robinson, Morgan Creek, Cecilia, and Good Stuff are jointly and severally liable for breach of contract."  Pet. Ex. 8, Scheduling Order 27 at p. 3.

During discovery, a hearing on a motion to compel took place in Washington DC on August 14th and 15th of 2017 ("MTC Hearing").  At the MTC Hearing, Petitioners

5

objected to financial discovery into Robinson and Morgan Creek.  The Hon. Judge Legg ruled that financial discovery into Robinson and Morgan Creek would be reserved until after liability was decided, effectively bifurcating the issue of joint and several liability. As Hon. Judge Legg later explained (August 27, 2019 hearing transcript attached hereto as Exhibit 4):

> The specter of obtaining financial information concerning, especially Mr.
> Robinson, in a very complicated financial position that was represented to
> me and also Morgan Creek,…, so that the decision was made, with the
> agreement of all counsel who were there, that we would table the financial
> discovery of Morgan Creek and anyone else to remain until after we saw
> how the liability phase of the trial was resolved.

Azod Ex. 4, Hr'g Tr. 22:12-21, Aug. 27, 2019.

The Hon. Judge Legg held a 5-day merits hearing, with seven testifying witnesses, at the JAMS Resolution Center in Los Angeles from November 6th to 10th, 2018 ("the Hearing").[3]  Early in the Hearing, the parties stipulated that the Petitioners had not paid the monies owed pursuant to the APA.  Thus, the majority of the Hearing focused on Petitioners' counter-claims for fraud and breach of contract, all of which the Petitioners lost.  The Hearing was not closed but remained open for the taking of additional evidence.  Pet. Ex. 8, Scheduling Order 27 at n. 1.

On February 7, 2019, the Hon. Judge Legg issued the PFA in which he ruled "that the APA is a valid contract, unbreached by Claimants," and awarded "judgment in favor of Claimants against Cecilia, LLC" in the amount of $856,886.  Pet. Ex. 4, PFA at p. 64. The PFA recognized that "[t]he liability of Mr. Robinson and Morgan Creek for breach of contract damages other than for potential lost profits and royalties was left open."  *Id.* at

---

[3] At the Hearing, the Azod Parties were represented by Aaron Perez-Daple, Alfredo Perez de Alejo, William Steffin and Amanda Fleming.  Petitioners were represented by Fred Heather and Justin Thiele.

6

p. 8.   The PFA did not adjudicate all issues in dispute and called for additional briefing and argument, explicitly reserving decision on several issues, including:

> (i) the appropriateness of awarding attorneys' fees to Claimants,
>
> (ii) whether to award to Claimants the costs of the arbitration apart from payments to JAMS, and
>
> (iii) **whether any award should be imposed on Cecilia, LLC only or on Respondents jointly and severally**.

*Id.* at p. 65.   Thus, the PFA explicitly reserved judgement as to the liability of the other Petitioners, including Robinson and Morgan Creek, for the award.   This is entirely consistent with Hon. Judge Legg's earlier ruling at the MTC Hearing that financial discovery into Respondents Robinson and Morgan Creek would be reserved until after Cecilia's liability was decided.

On March 1, 2019, the Hon. Judge Legg held a telephonic conference with the parties to identify the issues remaining to be decided.   On March 19, 2019, Hon. Judge Legg issued Scheduling Order 25, providing a schedule for additional briefing, which would address, *inter alia*, the issue of joint and several liability.   On April 15, 2019, the Azod Parties filed their opening brief[4] and Petitioners filed an unsolicited Motion for Attorneys' Fees, Costs and Interest, seeking to recover nearly $675,000, despite having lost on all of their counter-claims.   Hon. Judge Legg permitted the unsolicited briefing over objections from the Azod Parties.   The parties concluded briefing on June 17, 2019. On August 27, 2019, the Hon. Judge Legg held a telephonic conference during which he stated that the PFA left unresolved the potential liability of Petitioners Robinson, Morgan Creek, and Good Stuff for breach of contract, attorneys' fees, costs of the arbitration, pre

---

[4] Petitioners attached to their Petition the Azod Parties' Motion for Joint and Several Liability (Pet. Ex. 6) and Petitioners' Opposition (Pet. Ex. 7).  For completeness, the Azod Parties' Reply is attached hereto as Azod Exhibit 7.

7

and post-judgment interest, and any other components of the final award.  Azod Ex. 4, Hr'g Tr. 5:2-7, Aug. 27, 2019.

On September 27, 2019, Hon. Judge Legg issued Scheduling Order 27, in which he explicitly ruled that:

> **The liability of [Petitioners] Robinson, Morgan Creek, and Good Stuff for breach of the APA was expressly reserved for further proceedings.** Their potential liability extends to (i) the amount stipulated by the parties as unpaid under the APA ($856,886), (ii) the costs of the arbitration, (iii) Claimants' attorneys' fees and other costs, and (iv) pre and post-judgment interest.

Pet. Ex. 8, Scheduling Order 27 at p. 3 (emphasis added).  Hon. Judge Legg also clarified again in Scheduling Order 27 that "**[t]he hearing was not closed, thereby permitting the taking of additional evidence**." *Id*. at n. 1 (emphasis added).

After briefings, and issuing Scheduling Order 27, Hon. Judge Legg held a hearing on September 30, 2019 (hearing transcript is attached hereto as Exhibit 5) and stated "I am confident that I have continued jurisdiction over all subjects and – so I will – we will proceed to take up and adjudicate the issues that remain consistent with the order that I issued just a couple of weeks ago." *See* Azod Ex. 5, Hr'g Tr. 8:9-13, Sept. 30, 2019. Hon. Judge Legg then issued Scheduling Orders 28, 29 and 30, which called for additional discovery and briefing on the issue of joint and several liability.  The parties currently have briefs due on February 5, 2020.

## III.   ARGUMENT

### A.   This Court Does Not Currently Have Subject Matter Jurisdiction to Confirm the PFA as to Petitioners Robinson and Morgan Creek, Whose Liability Has Not Yet Been Decided.

Jurisdiction to enforce an arbitration award requires that the underlying award be final.  *See infra* § A.2.  Because the underlying arbitration proceedings are still ongoing

8

and the Hon. Judge Legg reserved decision on the issue of joint and several liability for breach of contract, this Court lacks jurisdiction to confirm the Petition.

### 1.    Petitioners Bear the Burden of Proving Subject Matter Jurisdiction.

"When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). Thus, "[a] plaintiff … must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by amendment." *Id.* (citation omitted).

Here, the Petitioners (as the parties invoking jurisdiction) bear the burden of establishing subject matter jurisdiction. Petitioners cannot meet this burden because the Arbitrator has explicitly reserved decision on the issue Petitioners are requesting the Court to confirm—the joint and several liability of Petitioners Robinson and Morgan Creek. Pet. Ex. 4, PFA at p. 65; *see infra* § A.2. Accordingly, because the Court lacks subject matter jurisdiction, the Petition should be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court … lacks subject-matter jurisdiction, the court must dismiss the action."). Alternatively, the Court may stay the case until a complete and binding award is issued as to Petitioners Robinson and Morgan Creek. *See infra* § E.

### 2.    Petitioners Cannot Meet Their Burden, Because the PFA did Not Resolve Joint and Several Liability.

Petitioners assert that the "Court may … confirm the [PFA] because it totally resolves a discrete issue with finality—namely, the issue of breach-of-contract liability." Pet. at ¶ 60. This argument is incorrect. The PFA **did not** resolve the joint and several liability of Petitioners Robinson and Morgan Creek for breach of contract. Pet. Ex. 8,

9

Scheduling Order 27 at pp. 2-3 (emphasis added).  To the contrary, the Hon. Judge Legg explicitly reserved decision on this issue.  *Id.*  Accordingly, the Court lacks subject matter jurisdiction to confirm the PFA.

Petitioners rely on *New United Motor Mfg., Inc. v. United Auto Workers Local 244* in support of their position that the Court has jurisdiction to confirm.  Pet. at ¶ 60.  There, the court held that a district court only has jurisdiction to confirm "final and binding" arbitration awards, and that "an award on liability alone" is only reviewable if it "'conclusively decided every point required by and included in' the liability phase." *New United Motor Mfg., Inc. v. United Auto Workers Local 244*, 617 F. Supp. 2d 948, 954-56 (N.D. Cal. 2008) (quoting *Trade & Transport, Inc. v. Natural Petrol. Charterers, Inc.*, 931 F.2d 191, 195 (2d Cir. 1991)); *see also Norfolk S. Ry. Co. v. Sprint Commc'ns Co.*, 883 F.3d 417, 424 (4th Cir. 2018) (reversing order to confirm "because [the underlying award was] not a 'final' arbitration award under the FAA") (quotation omitted).

In *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375-77 (9th Cir. 1987), the Ninth Circuit Court of Appeals defined what constitutes a "final and binding award."  The Court stated that to be considered "final" under the FAA an arbitration award must be "**intended by the arbitrator** to be a complete determination of the claims …." *Id.* at 1376 (citing *Michaels v. Mariforum Shipping*, 624 F.2d 411, 413–14 (2d Cir. 1980) (emphasis added); *see also Norfolk S. Ry. Co.*, 883 F.3d at ("An award is not 'final' under the FAA if it fails to resolve an issue presented by the parties to the arbitrators.").

The PFA itself explicitly reserved decision on several issues, including "**whether any award should be imposed on Cecilia, LLC only or on Respondents jointly and severally**."  Pet. Ex. 4, PFA at p. 65.  Petitioners disputed whether the PFA resolved the joint and several liability of Mr. Robinson and Morgan Creek, and Hon. Judge Legg ordered briefing on the issue.  After considering the briefs and holding a telephonic hearing, Hon. Judge Legg again ruled in Scheduling Order 27 that "[t]he liability of [Petitioners] Robinson, Morgan Creek, and Good Stuff for breach of the APA was

10

**expressly reserved for further proceedings**.”  Pet. Ex. 8, Scheduling Order 27 at p. 3 (emphasis added).  Thus, Hon. Judge Legg's intent is clear; he did not intend the PFA to be "a complete determination of the claims," particularly on the issue of joint and several liability, and the PFA is not a "final" determination.  *Millmen*, 828 F.2d at 1376.  Accordingly, the Court lacks subject matter jurisdiction to confirm the PFA, and the Petition should be dismissed or stayed until jurisdiction is proper.

**B.    The Arbitrator Acted Within His Broad Discretion in Deciding How to Conduct the Hearing and Issue Awards.**

As the Supreme Court has explained, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp*., 559 U.S. 662, 685 (2010) (internal quotations and citations omitted); *Lagstein v. Certain Underwriters at Lloyd's,* 607 F.3d 634, 644 (9th Cir. 2010); *see also Hayes v. Delbert Services Corp*., 811 F.3d 666, 671 (4th Cir. 2016) ("The FAA confers near plenary authority on an arbitrator to resolve a dispute given to him by an arbitration agreement.").

Here, the parties agreed to have their dispute arbitrated by JAMS.  The JAMS Rules, attached hereto as Exhibit 6, grant the Arbitrator broad discretion in deciding how to conduct the arbitration proceedings.  *See* Azod Ex. 6, JAMS Rules.  JAMS Rule 22(b) provides that "[t]he Arbitrator shall determine the order of proof, which will generally be similar to that of a court trial." *Id.* at JAMS Rule 22(b).  The JAMS Rules do not require strict compliance with the rules of evidence and state that "[t]he Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate." *Id.* at JAMS Rule 22(d).  The JAMS Rules grant the Arbitrator broad discretion in handling awards.  JAMS Rule 24(e) provides that "[t]he Arbitrator may grant whatever interim measures are deemed necessary" and that "[s]uch interim measures may take the form of an interim award or Partial Final Award." *Id.* at JAMS Rule 24(e).  Moreover, JAMS Rule 11(a) provides that:

11

Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. **The resolution of the issue by the Arbitrator shall be final**.

*Id.* at JAMS Rule 11(a) (emphasis added).

Accordingly, Hon. Judge Legg has broad powers to decide how best to conduct the Arbitration, including the order in which to hear the issues, take evidence, and make awards. And Hon. Judge Legg's decisions on the applicability of the rules and conduct of the hearing are final. Thus, to the extent Petitioners dispute the applicability of the JAMS Rules or the conduct of the Hearing, those issues should be brought to the Arbitrator, not to this Court. Here, of course, Petitioners already went to the Hon. Judge Legg; but, not liking the result, they now want a second bite at the apple. They do not get one.

Even if it were subject to review by this Court (which it is not), there is nothing unusual or unfair about the order of proceedings decided by the Hon. Judge Legg. Courts routinely decide core liability before addressing joint and several liability and damages, because it is more efficient and conserves resources of the parties and the tribunal. In *Toho*, for example, the court found joint and several liability against the defendants— including three Morgan Creek entities—after plaintiff obtained a judgement in arbitration against two under-funded entities that failed to satisfy the judgment against them. *Toho– Towa Co., Ltd. v. Morgan Creek Productions, Inc.*, 217 Cal. App. 4th 1096, 1106-10 (2013). Similarly, here, the Arbitrator had every right to decide the issues of core liability for breach of contract and fraud before deciding the issue of joint and several liability, which would have been irrelevant had the Azod Parties lost.

There is no harm to Petitioners Mr. Robinson and Morgan Creek in deciding their joint and several liability for breach of contract after the initial Hearing. Mr. Robinson and Morgan Creek have been—and still are—as parties fully represented in the Arbitration, and they will be fully represented in any further briefing or hearings that may be required to decide their liability. Indeed, Mr. Robinson and Morgan Creek still seek to

**benefit** from the Arbitration, having filed a motion for attorney's fees and costs (which remains pending) in an amount of roughly $675,000, despite having lost all of their counter-claims.  Thus, it is only fair that Mr. Robinson and Morgan Creek should have their own liability adjudicated in the same proceeding.

## C. The Partial Final Award Did Not Finally Decide the Joint and Several Liability of Petitioners Mr. Robinson and Morgan Creek.

The Hon. Judge Legg has explicitly ruled that "[t]he PFA left open for later resolution the potential joint and several liability of [Petitioners] Robinson, Morgan Creek, and Good Stuff for breach of contract."  Pet. Ex. 8, Scheduling Order 27 at p. 6. In view of this clear ruling, which is final, the Court need not consider Petitioners' other arguments about the PFA or the effect of the JAMS Rules.  *See* Azod Ex. 6 at JAMS Rule 11; *see also Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983) (The Ninth Circuit has "long recognized a rule that a party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result.").

Petitioners' interpretation of the PFA also is wrong.  Petitioners cannot point to any language in the PFA showing that the liability of Mr. Robinson and Morgan Creek was decided, because such language does not exist.  Instead, Petitioners argue that a ruling **against** Cecilia somehow constitutes a ruling **for** Mr. Robinson and Morgan Creek.  Such a tortured reading is contradicted by the PFA itself.  As already discussed, the PFA explicitly reserved judgement on, *inter alia*, whether to award post-judgement interest to Claimants, "the appropriateness of awarding attorneys' fees to Claimants," and "whether to award to Claimants the costs of arbitration apart from payments to JAMS."  Pet. Ex. 4, PFA at p. 65.  The PFA explicitly acknowledged that "[t]he liability of Mr. Robinson and Morgan Creek for breach of contract damages other than for potential lost profits and royalties **was left open**," and called for oral argument on, among other things, "whether

13

**any award** should be imposed on Cecilia, LLC only or on [Petitioners] jointly and severally." *Id.* at pp. 8, 65 (emphasis added).

Petitioners make much of the heading "Attorneys' Fees" on page 65 of the PFA, attempting to read this heading as limiting the subsequent text, including the explicit statement that oral argument will be required on "whether **any award** should be imposed on Cecilia, LLC only or on [Petitioners] jointly and severally." *Id.* at p. 65 (emphasis added). Petitioners ask the Court to rewrite this sentence to mean "any award **of attorneys fees and costs**." Pet'rs' Mem. of P. & A. at p. 2. But that is not what the PFA says, and there is no authority that would justify rewriting it in such a significant manner.

Petitioners incorrectly rely on JAMS Rule 24(k) to try and establish the finality of the PFA. JAMS Rule 24(k) recites in part that "[t]he Award is considered final, for purposes of … a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service is deemed effective…." Azod Ex. 6, JAMS Rules. First, there was no need to further correct the PFA, because it was clear on its face. Second, this language is specific to "the Award" and does not pertain to interim awards. Third, even if the PFA were considered final as to the issues it decided, that does not preclude the Arbitrator from deciding issues that remain open, including the joint and several liability of Petitioners Robinson and Morgan Creek. And, finally, it is for the Hon. Judge Legg—and not this Court—to decide the applicability of the JAMS Rules.

### D. *Functus Officio* Does Not Apply Because the Partial Final Award Was Not Complete and Did Not Decide All of the Issues.

The APA provides that "[t]his Agreement shall be governed by and interpreted and enforced in accordance with the laws of the State of Maryland …." Pet. Ex. 1, APA at ¶ 20. Accordingly, Maryland law applies to determining questions of *functus officio*. *Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) ("When an agreement contains a choice of law provision, California courts apply the parties' choice of law …."); *see also* Azod Ex. 3, Hon. Judge Walter's Statement of Decision at

14

4:10-11 (ruling "that Maryland law controls any disputes related to the [APA] agreement"). Petitioners incorrectly rely on California law, but the same conclusion results.

In Maryland, the *functus officio* principle holds "that once the arbitrator has fulfilled the function and purpose of his office, by making **a final award**, he has no more official authority and can do nothing more in regard to the subject matter of the arbitration." *Mandl v. Bailey*, 159 Md.App. 64, 83-84 (2004) (emphasis added). "Once a **complete award** is rendered, an arbitrator becomes thereafter powerless to modify or make a new award **on the same issues**." *Brzowski v. Maryland Home Imp. Comm'n*, 114 Md.App. 615, 635-636 (1997) (emphasis added). As Petitioners themselves have argued in the Arbitration, "an arbitration award is final if 'intended by the arbitrator to be his complete determination of **every issue** submitted to him.'" Pet. Ex. 7, [Pet'rs'] Opp'n at 6:16-19 (quoting *Am. Postal Workers Union v. U.S.P.S.*, 422 F. Supp. 2d 240, 246 (D.D.C. 2006) (emphasis added)).

Ignoring the facts of this case, Petitioners argue that *functus officio* applies because the PFA allegedly is "final and unreviewable." Pet'rs' Mem. of P. & A. at 1:13, 4:22. But it is neither. The Arbitrator, Hon. Judge Legg, has not yet decided "every issue" submitted to him and has not yet rendered a "complete award." As already discussed at length, the PFA reserved judgment on numerous issues, including the joint and several liability of Petitioners Robinson and Morgan Creek.

To the extent there were any questions as to the meaning of the PFA, Hon. Judge Legg dispelled them when he issued his Scheduling Order 27. Scheduling Order 27 unambiguously states that "[t]he hearing was not closed, thereby permitting the taking of additional evidence," and makes clear that "[t]he PFA left open for later resolution the potential joint and several liability of Respondents Robinson, Morgan Creek, and Good Stuff for breach of contract." Pet. Ex. 8, Scheduling Order 27 at n. 1 and p. 6. This ruling is final and not subject to appeal.

15

1    Because numerous issues remain to be decided, the PFA is not complete and

2    *functus officio* does not apply under Maryland law.  Hon. Judge Legg retains jurisdiction

3    and has the authority to decide the open issues in this case, including the joint and several

4    liability of Petitioners.

5            **1.    The Doctrine of *Functus Officio* Also Does Not Apply Under**

6                    **California Law or the Law of Other Circuits.**

7    Petitioners cite several cases from the Ninth Circuit and other jurisdictions in

8    arguing that *functus officio* applies here.  Although Maryland law applies to this question,

9    Petitioners are mistaken even under the standards articulated in those cases.  In particular,

10   all of the cited cases require a final decision before *functus officio* applies.  But, as

11   already discussed, the Hon. Judge Legg has not yet made a final award.

12   Petitioners cite to a Ninth Circuit case, *McClatchy*, which states that "once an

13   arbitrator has made and published **a final award** his authority is exhausted and he is

14   functus officio and can do nothing more in regard to the subject matter of the arbitration."

15   *McClatchy Newspapers v. Central Valley Typographical Union No*. 46, 686 F.2d 731,

16   734 (9th Cir. 1982) (emphasis added).  Here, the award is not yet final.

17   Petitioners also cite to *New United Motor Mfg.* from the Northern District of

18   California, in which the Hon. Judge Henderson made clear that "[a] district court

19   generally does not have the power to review an interlocutory ruling by an arbitration

20   panel under the FAA."  *New United Motor Mfg., Inc. v. United Auto Workers Local 244*,

21   617 F. Supp. 2d 948, 955 (N.D. Cal. 2008) (internal quotations and citations omitted).

22   Here, the PFA is just such an interlocutory ruling, and the district court does not have the

23   power to review it.

24   Petitioners also cite to a Second Circuit case, *Trade and Transport v. Natural*

25   *Petroleum Charter Inc*., 931 F.2d 191 (2d Cir. 1991), in support of their argument.  But in

26   that case, the Second Circuit held that "if the parties have asked the arbitrators to make a

27   final partial award as to **a particular issue** and the arbitrators have done so, the

28

16

arbitrators have no further authority, absent agreement by the parties, to redetermine **that issue**." *Trade*, 931 F.2d at 195 (emphasis added).  Notably, Petitioners have cited no case indicating that Maryland also follows this rule; to the contrary, Maryland requires a **complete award** on all issues before *functus officio* applies.  *Brzowski*, 114 Md.App. at 635-636.  But, regardless, even under the rule proposed by Petitioners, *functus officio* still would not apply to the question of joint and several liability of Petitioners Mr. Robinson and Morgan Creek, since **that particular issue** has **not** been decided and, in fact, has been explicitly left open, as discussed at length above.

Quite simply, because the joint and several liability of the Petitioners has not yet been decided, *functus officio* does not apply on that issue, under any of the cited precedents.

### 2.      Even if the Doctrine of *Functus Officio* Applied, This Case Falls Within Two of the Exceptions.

Maryland courts recognize that "[t]here are well-settled exceptions to the functus officio principle," two of which are relevant here.  *Mandl v. Bailey*, 159 Md.App. 64, 84 (2004); *see also Int'l Bhd. of Teamsters v. Silver State Disposal Serv., Inc.,* 109 F.3d 1409, 1411 (9th Cir. 1997) (recognizing three exceptions to *functus officio*, including the two discussed below).  First, "when an award is not complete because it does not adjudicate an issue submitted to the arbitrator for decision, then as to that issue, the arbitrator has not exhausted his function, and that issue remains open for determination." *Id.*  Second, "when an award, although seemingly complete, leaves doubt about whether the submission has been fully executed, the arbitrator has the power to clarify the ambiguity."  *Id*.  Here, even if *functus officio* were otherwise in effect, both of these exceptions would nonetheless apply.

Under the first exception, the PFA did not adjudicate the issue of joint and several liability of Petitioners Mr. Robinson and Morgan Creek and, thus, that issue remains open for determination.   Under the second exception, to the extent that the PFA were

17

ambiguous and left any doubt as to whether it fully decided the issues (which it did not), then Hon. Judge Legg was entitled to clarify such ambiguity, which he did when issuing Scheduling Order 27. *See, e.g.*, *Cuna Mut. Ins. Soc. v. Office & Prof'l Emp. Union, Local 39*, 443 F.3d 556, 565 (7th Cir. 2006) (holding that the clarification exception to *functus officio* allowed the arbitrator to clarify an award and retain jurisdiction over damages issues). In either case, *functus officio* would not apply to the joint and several liability of Petitioners Robinson and Morgan Creek.

### E. Pursuant to the Federal Arbitration Act, the Azod Parties Request a Stay of this Action.

Under the FAA, "[o]nce an arbitration agreement is found to be valid, enforceable, and applicable, the court shall stay the action pending the outcome of the arbitration or dismiss the action." *JNK Entm't v. SP Sales and Entm't*, CV 15-01908, 2015 WL 13283845, *2 (C.D. Cal. Sep. 2, 2015) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The FAA further provides that "the court in which suit is pending … **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §3 (emphasis added).

Here, the Hon. Judge Walter has ruled that "**the arbitration agreement** [in the APA] **is valid and enforceable** and that all of the claims [including joint and several liability] … are within the purview of the arbitration agreement." Azod Ex. 2, Hon. Judge Walter's Order at p. 2 (emphasis added). Further to this ruling, the Azod Parties respectfully move this Court for a stay pursuant to 9 U.S.C. §3, until the issue of joint and several liability is decided and a complete and final award has been made.

Staying this district court proceeding will promote judicial economy while avoiding prejudice through inconsistent results. *See Amin v. Advanced Sterilization Products Services Inc.*, Case No. SACV 18-1528 JVS (JDEx), 2019 WL 2912862, *9 (C.D. Cal. Jan. 7, 2019); *Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Va.*, 629

F.2d 961, 964 (4th Cir. 1980).   When the Hon. Judge Legg eventually issues a complete and final award as to Petitioners Robinson and Morgan Creek in the arbitration, it will be most efficient for this Court to enforce it, without requiring the parties to file new pleadings and again perform service of process.

Dated: January 17, 2020                     Respectfully Submitted,


                                            */s/ Armin Azod*

                                            Armin Azod

                                            STEFFIN AZOD LLP
                                            Aaron Perez-Daple (*pro hac vice* to be filed)
                                            Alfredo Perez de Alejo (*pro hac vice* to be filed)
                                            William C. Steffin
                                            Amanda Fleming
                                            Armin Azod

                                            1801 Century Park East, Floor 24
                                            Los Angeles, CA 90067
                                            (213) 507-9796

                                            *Attorneys for Respondents Armin Azod, et al.*

19