**O**

# United States District Court
# Central District of California

| | |
|---|---|
| CECILIA LLC, et al.,<br><br>               Petitioners,<br><br>   v.<br><br>ARMIN AZOD, et al.,<br><br>               Respondents. | Case No. 2:19-cv-9552-ODW (ASx)<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO STAY [35]** |

## I.  INTRODUCTION

On November 6, 2019, Petitioners Morgan Creek Productions, Inc. ("Morgan Creek"), Good Stuff Inc. ("Good Stuff"), Cecilia LLC ("Cecilia"), and James G. Robinson ("Robinson") filed a petition to confirm an arbitration award that adjudges Cecilia liable for breach of contract but leaves open the issue of joint and several liability. (Petition, ECF No. 1.)  Respondents Armin Azod, Ramez Elgammal, Peter John, Shantanu Sharma, and Dong Zhang file the instant motion to stay this matter pending resolution of the arbitration ("Motion"). (Mot. to Stay, ECF No. 35.)  For the reasons discussed below, the Court **GRANTS** the Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On October 15, 2014, Cecilia, a limited liability company solely owned by Robinson, entered into an Asset Purchase Agreement ("APA") with the Respondents. (Mot. 4.) On January 20, 2016, Respondents filed suit in the Central District of California against Cecilia for failing to pay over $850,000 per the APA. (Mot. 4.)

On March 10, 2016, Judge Walter granted Petitioners' motion to compel arbitration and parties proceeded to adjudicate the matter through JAMS. (Mot. 5.) Petitioners objected to financial discovery into Robinson and Morgan Creek, the JAMS arbitrator, Judge Legg, then ruled that such discovery would be reserved until after liability was determined. (Mot. 5–6.) On February 7, 2019, Judge Legg issued a Partial Final Award ("PFA") in which he ruled "that the APA is a valid contract, unbreached by Claimants," and awarded "judgment in favor of Claimants against Cecilia, LLC" in the amount of $856,886. (Mot. 6 (citing Pet. Ex. 4 ("PFA") 64, ECF No. 1-4.).) The PFA states that "[t]he liability of Mr. Robinson and Morgan Creek for breach of contract damages other than for potential lost profits and royalties was left open." (PFA 8.) On March 1, 2019, the Hon. Judge Legg held a telephonic conference with the parties to identify the issues remaining to be decided and proceeded to set a briefing schedule. (Mot. 7–8.)

However, on November 6, 2019, Petitioners commenced this action to confirm the PFA. Respondents filed this motion to stay the case pending completion of the arbitration.

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Courts must weigh competing interests when determining whether to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

> "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Id*. The burden is on the moving party to show a stay is appropriate. *AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g, Inc.*, No. CV-18-4776-MWF-JEMX, 2018 WL 5819454, at *4 (C.D. Cal. Oct. 30, 2018) (citing *Landis*, 299 U.S. at 255).

Courts "must be mindful that, 'if there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else,' then the movant 'must make out a clear case of hardship or inequity in being required to go forward.'" *Id.* (alteration in original) (quoting *Landis*, 299 U.S. at 255).

## IV.  DISCUSSION

Respondents primarily argue that the Court should stay this case pending a final decision from the arbitrator as the PFA is not final. (*See* Mot. 8–11, 13–14.) To determine whether the Court should stay the case, the Court now addresses the factors enumerated above. First, Petitioners argue that staying the case and continuing arbitration would cause an undue burden of re-litigating questions of liability. (Opp'n to Mot. 1, ECF No. 38.) However, the arbitrator has yet to determine the issue of joint and several liability, specifically because Morgan Creek and Robinson declined to provide financial discovery. (Mot. 5–6.) As the arbitrator will determine the issue of joint and several liability and not reconsider issues previously determined, the Court sees no prejudice to the Petitioners in staying the case. *CMAX, Inc.*, 300 F.2d at 268. Next, the Court weighs the hardship Respondents face if forced to continue litigation simultaneous to the arbitration. Respondents indirectly assert that litigation in this forum would delay resolution and increase the costs of adjudicating the matter. (Mot. 3.) Thus, this factor weighs in favor of a stay. *CMAX, Inc.*, 300 F.2d at 268.

Finally, the Court addresses the third factor—the orderly course of justice. The

1 district court should only confirm an arbitration award when it is the final
2 determination of the arbitrator; Tentative or interim awards should not be confirmed.
3 *See Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987).
4 Respondents assert that the PFA is not final because the arbitrator retained jurisdiction
5 to determine the issue of joint and several liability. (*See* Mot. 8–11, 13–14.)
6 Petitioners do not proffer arguments addressing the finality of the award but argue
7 instead that the question is inappropriate for a pre-answer motion.[2] (Opp'n to Mot. 6–
8 7.) Petitioners also argue that this Court *may* confirm a partial arbitration award as
9 final if the award disposes of a discrete issue unaffected by any future determinations
10 by citing to a single Northern District of California case and several out of Circuit
11 cases. (Opp'n to Mot. 7–8.) Yet here, the arbitrators have found Cecilia liable for the
12 breach of contract claim but still retained jurisdiction to determine the issue of joint
13 and several liability. Clearly, the arbitrator's future determination will affect the issue
14 of liability. *See Cal. Pac. Med. Ctr. v. Serv. Employees Int'l Union*, 300 F. App'x
15 471, 473 (9th Cir. 2008) ("The [arbitration award] was not final because the arbitrator
16 retained jurisdiction to resolve disputed damages issues between the parties.") As the
17 arbitrator has yet to apportion liability in its entirety, the Court finds that staying the
18 case pending the completion of arbitration would serve the orderly course of justice.
19 *CMAX, Inc*, 300 F.2d at 268.

As all three factors weigh in favor of a stay, the Court **GRANTS** the motion and stays the case pending completion of arbitration.

---

[2] Petitioners assert that determining the finality of the PFA is a question of fact and the motion should accordingly, be converted into a motion for summary judgment per Federal Rule of Civil Procedure ("Rule") 12(d). (Opp'n to Mot. 8–9.) Not so. Rule 12(d) only permits Rule 12(b)(6) or Rule 12(c) motions to be converted to motions for summary judgment.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to stay the case pending completion of the arbitration. (ECF No. 35.) Parties shall file a joint status report every 90 days from the date of this order and a joint status report within 15 days of completion of the arbitration.

**IT IS SO ORDERED.**

May 21, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**